UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TONI HALE,
   Plaintiff,

vs.                                      No. 08-4068

ADAMS COUNTY JAIL, et al
   Defendants

CASE MANAGEMENT ORDER #3

     This cause is before the court once again for case management. The plaintiff originally sent a letter to the court which was filed as a complaint based on the claims in the letter. The court also informed the plaintiff that if she wished to proceed with a lawsuit, she must either pay a filing fee or file a motion to proceed *in forma pauperis*. December 18, 2008 Text Order.

     The plaintiff responded with a motion to proceed *in forma pauperis* and an amended complaint. The court then conducted a merit review of the amended complaint. *See* April 13, 2009 Case Management Order. The plaintiff named 14 defendants from the Adams County Jail. The plaintiff said she was pregnant during her incarceration at the jail, but the defendants refused her medical care and repeatedly used excessive force. As a result, the plaintiff claimed her baby was born with mental retardation.

     The court noted that there were several problems with the plaintiff's complaint. First, the court found that the complaint failed to provide the defendants with the proper notice of the claims against them. *See Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). The plaintiff did not provide time frames for most of her allegations. The court informed the plaintiff that if she did not remember exact dates, she should provide an estimate of the relevant time frame.

     Second, some of the plaintiff's claims of excessive force clearly did not appear to rise to the level of a constitutional violation. For instance, the plaintiff alleged that she was shacked when she was transported to the hospital and shackled to the bed when she was at the hospital. The plaintiff was an inmate at the time of this trip and shackling her alone did not violate the constitution. In addition, "attempting" to taser the plaintiff or pointing a taser at the plaintiff did not violate her constitutional rights.

     Third, it was unclear from the complaint what period of time the plaintiff was incarcerated in the Adams County Jail or if she was incarcerated throughout her pregnancy.

     Fourth, the court stated that releasing the plaintiff from custody instead of providing

1

prenatal care did not violate the plaintiff's constitutional rights because the plaintiff was free to obtain her own medical care. Finally, the court noted that the Adams County Jail was not a legal entity and thus not a proper §1983 defendant.

Therefore, the court allowed the plaintiff additional time to file a second amended complaint. The court also gave the plaintiff specific instructions to follow to assist her in filing her complaint. The plaintiff was advised that if she failed to meet the deadline, the court would conduct a merit review of the original amended complaint as submitted, and any allegations that did not state a constitutional violation or did not specify a time period would be dismissed. *See* April 13, 2009 Court Order, p. 2.

The plaintiff has responded with a complaint in letter form.[d/e 14] The plaintiff again lists 14 defendants: Administrator Chad Downs and Correctional Officers and Adams County Jail Officers Tiffany Yates, Bruce Harmon, Deana Coleman, Spencer Trautuetter, Scott Coal, Sergeant Gallaway, John Smith, Winston, Bouden, Smith, Penny, Magee and Laura.

The plaintiff's letter is difficult to decipher, but pertains to two separate stays in the Adams County Jail. The first in August of 2008 relates to the plaintiff's previous claims concerning her treatment during her pregnancy. The plaintiff does not clearly state the time period for her second stay, but it appears to be approximately July of 2010. The second claim involves a subsequent arrest and trial, and the plaintiff's claim that her children were placed in foster case. The two incidents are not related and do not involve the same defendants.

The plaintiff cannot combine these incidents in the same lawsuit pursuant to Federal Rules of Civil Procedure 18 and 20. In *George v. Smith,* 507 F.3d 605, 607, (7th Cir. 2007), the court of appeals held that a prison may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. "[M]ultiple claims against a single party are fine, but a Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* at 606; *see also Wise v Kenosha County Sheriff,* 2008 WL 714141 (E.D. Wis. March 14, 2008); *Mitchell v Martin,* 2007 WL 4206989 (Nov. 28, 2007); *Hairston v. Walker,* 2007 WL 4293072 (S.D. Ill. Dec. 4, 2007); *Link v. Taylor,* 2008 WL 474228 (N.D. Ind. Feb. 20, 2008); *Crosby v. Bonor,* 2008 WL 1882851 (N.D. Ind. April 23, 2008); *Diaz v. Coll,* 2008 WL 2783262 (E.D. Cal. July 15, 2008).

Therefore, the court will not consider any of the allegations concerning the plaintiff's second arrest. If she wishes to pursue these claims, she must file a separate lawsuit and file a separate motion to proceed *in forma pauperis* or pay the filing fee in full.

The plaintiff says she was first incarcerated in August of 2008 and was pregnant when she entered the jail. The plaintiff says on an unspecified day, Officers Magee, Coleman, Cool and Trautuetter slammed her in the stomach, strapped her into a chair and pointed a taser at her. The plaintiff says she was five months pregnant at the time and began to leak amniotic fluid. Officers Yates and Penny transported the plaintiff to the hospital, but the plaintiff remained shackled.

2

The plaintiff says she stayed in the hospital, still shacked to the bed, for three days. The plaintiff was given medications and an I.V. to help replace her amniotic fluid. A doctor performed an ultrasound and discovered that her amniotic fluid was still low and said the plaintiff needed to go to Springfield for more testing. Jail Administrator Chad Downs was informed by the plaintiff's doctor and the plaintiff was then released on a signature bond.

The plaintiff says she was released for two weeks and went to an appointment with the same doctor. The doctor told the plaintiff that the baby would need to be delivered because there was still not enough ammonitic fluid. The plaintiff says she was rushed to Springfield by ambulance and her child was delivered with permanent brain damage.

The court finds that the plaintiff has stated an excessive force claim against Defendants Magee, Coleman, Trautuetter and Cool. However, the plaintiff will need to clarify the time frame of the alleged assault. The plaintiff has failed to state a claim that theses defendants were deliberately indifferent to her serious medical condition. The plaintiff was taken to the hospital and provided medical care as soon as it was discovered that she was leaking amniotic fluid.

As the court has previously noted, the plaintiff was incarcerated at the time she was taken to the hospital and remained in the hospital. The mere fact that she was shackled during this time period, without more, is not a violation of her constitutional rights. Therefore, the court will dismiss Defendants Yates and Penny.

It is difficult to follow or decipher the plaintiff's claim against Administrator Downs. While a jail administrator could assist in obtaining the plaintiff's release from custody, a release from the hospital was likely approved by the plaintiff's doctor. The plaintiff states she was examined by her doctor before her release, and states she had a follow up appointment scheduled. The plaintiff does not allege that the additional testing in Springfield was an emergency. Instead, she apparently went to her scheduled doctor's appointment and at this point she was taken by ambulance to Springfield. Based on the claims in the plaintiff's letter, the court cannot be sure that the plaintiff has clearly alleged that Jail Administrator Downs was deliberately indifferent to her serious medical condition. However, because the plaintiff is pro se, and this is a notice pleading court, the court will construe the allegations as intending to make that claim against Downs.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

> **1) Defendants Magee, Deana Coleman, Spencer Trautuetter and Scott Cool used excessive force against the plaintiff causing her to lose amniotic fluids; and, 2)Defendant Downs was deliberately indifferent to her serious medical condition.**

**2) All other claims based on federal law, other than those set forth in paragraph one**

above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. Therefore, the clerk of the court should dismiss all other defendants including Tiffany Yates, Bruce Harmon, Sergeant Gallaway, John Smith, Winston, Bouden, Smith, Penny, and Laura for failure to state a claim upon which relief can be granted.

3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 18th Day of October, 2010.

\s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE